Gretchen M. Nelson (State Bar No.112566)
Carlos F. Llinás Negret (State Bar No. 284746)
**NELSON & FRAENKEL LLP**
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Tel.: 213-943-6089
Fax: 213-622-6019
Email: gnelson@nflawfirm.com
Email: cllinas@nflawfirm.com

*Attorneys for Plaintiff* Joycarol L. Fornwald

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION
### IN ADMIRALTY

| | |
|---|---|
| JOYCAROL L. FORNWALD,<br><br>Plaintiff/Garnishor<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD. doing business as PRINCESS CRUISES,<br><br>Garnishee<br><br><br>CHUKKA CARIBBEAN ADVENTURES (TCI) LTD., CHUKKA CARIBBEAN ADVENTURES, LTD., CHUKKA CARIBBEAN ADVENTURES, S.A., doing business as CHUKKA CARIBBEAN ADVENTURES,<br><br>Defendants. | CASE NO.:<br><br>**PLAINTIFF'S  VERIFIED COMPLAINT PRAYING FOR ATTACHMENT PURSUANT TO RULE B OF THE SUPPLEMENTAL RULES OF ADMIRALTYAND MARITIME CLAIMS**<br><br>[Filed concurrently with: Verification Pursuant to Rule B(1)(b); Proposed Order Directing the Issuance of Summons and Process of Maritime Attachment and Garnishment] |

Plaintiff, JOYCAROL L. FORNWALD, an individual ("Plaintiff" or "Garnishor"), by and through her attorneys NELSON & FRAENKEL, LLP, files her Complaint Praying for Rule B Attachment against PRINCESS CRUISE LINES, LTD. doing business as PRINCESS CRUISES ("Princess") as Garnishee,

and against CHUKKA CARIBBEAN ADVENTURES (TCI) LTD., CHUKKA CARIBBEAN ADVENTURES, LTD., CHUKKA CARIBBEAN ADVENTURES, S.A., doing business as CHUKKA CARIBBEAN ADVENTURES (collectively "Chukka Defendants"), as Defendants and owners of the *res* subject to attachment in this district.  Plaintiff respectfully alleges as follows:

## INTRODUCTION

1.    On or about March 22, 2017, Plaintiff was a paying passenger on a Princess' cruise ship, the *Caribbean Princess*.

2.    As part of the cruise experience, Princess offered passengers, including the Plaintiff, the opportunity to go on various shore excursions on scheduled ports-of-call.

3.    While on the ship, Plaintiff purchased directly from Princess the excursion "Airboat Wetland and Mangrove Cruise & City Drive," taking place in the scheduled port-of-call of Belize City, Belize. The excursion consisted of an airboat ride across Almond Hill Lagoon (hereinafter "Airboat Excursion").

4.    The Excursion was operated by the Chukka Defendants pursuant to an agreement with Princess whereby the Chukka Defendants are paid by Princess for excursions purchased by Princess' passengers that are operated by the Chukka Defendants.

5.    During the ride, the airboat operator engaged in "wake jumping," where the airboat repeatedly jumps its own wake by making high-speed 360-degree turns, causing passengers in the vessel to be thrown about in the airboat.

6.    The aggressive movements of the airboat lifted the Plaintiff in the air, causing her to land hard three times on the seat of the airboat.

7.    The impact of the airboat striking the water, and Plaintiff crashing down on her seat, caused Plaintiff to suffer permanent injuries including a compression fracture of her spine.

8. Plaintiff filed an *in personam* Complaint against Princess and the Chukka Defendants on March 16, 2018, for damages for negligence arising from the aforementioned incident. Case No. 2:18-cv-02228-DDP-KS [Dkt. 1] (the "*In Personam* Case." Plaintiff is filing concurrently herewith a notice of related case and will seek to have this matter related to the *In Personam* Case.

9. This is an action for *quasi in rem* attachment and garnishment of the Chukka Defendants' *res* in the possession of Garnishee Princess, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Assert Forfeiture Actions, Rule B 'In Personam Actions: Attachment and Garnishment' (hereinafter "Rule B").

### A. The Parties

10. Plaintiff/Garnishor, Joycarol L. Fornwald, was and is a resident of North Carolina.

11. Garnishee Princess was and is a for-profit corporation with its principal address, and principal place of business located in the County of Los Angeles, California. Princess was the owner and operator of the vessel *Caribbean Princess*, and sold the Airboat Excursion to the Plaintiff.

12. The Chukka Defendants were and are for-profit foreign business entities with offices in Jamaica and existing under the laws of Turks and Caicos.

### B. Jurisdiction and Venue

13. This case is brought under the Admiralty and Maritime jurisdiction of the Court, and is an Admiralty and Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

14. This action, for *quasi in rem* attachment and garnishment against the Chukka Defendants, is being brought pursuant Rule B of the Supplemental Rules of Admiralty and Maritime Claims.

15. Rule B(1), provides, in part:

3

(a) If ***a defendant is not found within the district*** when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to ***attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process***.

(b) The plaintiff or the plaintiff's attorney must sign and file with the complaint an affidavit stating that, to the affiant's knowledge, or on information and belief, the defendant cannot be found within the district. The court must review the complaint and affidavit and, if the conditions of this Rule B appear to exist, enter an order so stating and authorizing process of attachment and garnishment. The clerk may issue supplemental process enforcing the court's order upon application without further court order.

(c) (i) If the property is a vessel or tangible property on board a vessel, the summons, process, and any supplemental process must be delivered to the marshal for service.

(d) (ii) If the property is other tangible or intangible property, the summons, process, and any supplemental process must be delivered to a person or organization authorized to serve it, who may be (A) a marshal; (B) someone under contract with the United States; (C) someone specially appointed by the court for that purpose; or, (D) in an action brought by the United States, any officer or employee of the United States.

*Id.* (emphasis added)

16.    The purpose of Rule B is to preserve the ancient process of maritime attachment that had been known to courts of admiralty for centuries. An attachment

4

under Rule B serves the dual purpose of obtaining *in personam* jurisdiction over the defendant through its property and of securing a fund out of which a judgment may be satisfied.

17.    The Chukka Defendants cannot be found within the geographical confines of the district for service of process.

18.    The Chukka Defendants belongings located within this judicial district are the past, present and future earnings from their agreement(s) with Garnishee, Princess. This includes, but is not limited to, all moneys owing under the aforementioned agreement(s) from the Garnishee Princess (directly or indirectly from any of the Garnishees' entities, affiliates and/or agents) to the Chukka Defendants, and/or any person and/or entity acting as agent and/or collecting moneys for the Chukka Defendants.

19.    This Court has subject matter jurisdiction over Plaintiff's claims under the maritime and admiralty jurisdiction of the court.  In particular, Plaintiff brings this action pursuant to Article III, §2 of the United States Constitution, delegating jurisdiction over admiralty cases to the federal courts, and 28 U.S.C. §1333.

20.    Federal admiralty jurisdiction extends to all navigable waters, salt or fresh, with or without tides, natural or artificial, which are in fact navigable. The term 'navigable waters' means a body of water which, in its present configuration, constitutes a highway of commerce, between the states or with foreign countries.

21.    On March 22, 2017, Plaintiff was a paying passenger on Princess' vessel, *Caribbean Princess*, which was in navigable waters.  On the aforementioned date, the Plaintiff was injured in the scheduled-port-of-call of Belize City, Belize, during an airboat ride marketed, promoted and sold to Plaintiff on board the *Caribbean Princess*. The airboat engaged in "wake jumping," where the airboat jumps its own wake by making high-speed 360 degree turns, as passengers are thrown about in the airboat. Accordingly, this Court has admiralty jurisdiction over

Plaintiff's Verified Complaint Praying for Attachment Pursuant to Admiralty and Maritime Rule B

this case because the tort (Plaintiff's injuries and the shipowner's negligence) occurred on navigable waters.

22. Accordingly, the legal rights and liabilities arising from the incident are within the full reach of the Court's admiralty jurisdiction.

23. Venue is proper in the Central District of California pursuant to 18 U.S.C. §1965 and 28 U.S.C. § 1391, and because the Chukka Defendants have property in this district which is subject to this Court's jurisdiction under Rule B.

## GENERAL ALLEGATIONS

24. At all times material hereto, Princess owned, operated, managed, maintained and/or controlled the vessel, *Caribbean Princess*.

25. At all times material hereto, the Chukka Defendants operated the Airboat Excursion which was offered, marketed, and sold by Princess, as part of the voyage on the *Caribbean Princess*.

26. On or about March 22, 2017, Plaintiff was a paying passenger on the *Caribbean Princess*. Plaintiff's itinerary consisted of a 6-day cruise from March 19, 2017 to March 25, 2017 (hereinafter "the subject cruise").

27. Princess offered passengers aboard the *Caribbean Princess* the opportunity to go on various shore excursions during the subject cruise, including, but not limited to the Airboat Excursion.

28. Princess had a shore excursion desk aboard the *Caribbean Princess* for the purpose of, *inter alia*, providing passengers recommendations regarding shore excursions and charging passengers for shore excursions.

29. On or about March 22, 2017, Plaintiff purchased and booked the Airboat Excursion at the Princess excursion desk on the *Caribbean Princess*.

30. Upon her arrival to the scheduled port-of-call of Belize City, Belize, Plaintiff disembarked the *Caribbean Princess*, and was directed to board a bus for a 40-minute ride to the Airboat Excursion location.

31. At the Airboat Excursion location, all of the tour guests, including the Plaintiff, attended what was represented as a "safety briefing." The only safety discussion, however, was limited to informing passengers not to put their hands in the water. The majority of the discussion related to the wildlife that guests could anticipate seeing during the excursion.

32. During the "safety briefing," the Airboat personnel did not inform the Plaintiff, that the Airboat Excursion would engage in a thrill ride, containing wake jumping, where the airboat repeatedly jumps its own wake by making high-speed 360-degree turns.

33. Plaintiff was directed by the Airboat Excursion personnel to take a seat on the second row, at the end of the left side of the airboat. Other than the aforementioned, no additional instructions or warnings were provided.

34. The airboat included two crewmembers: a driver/operator and a guide.

35. Initially, the airboat took off slow and Plaintiff and the other passengers were shown wildlife. Then, as the airboat picked up speed, the guide instructed Plaintiff and other passengers to put their hands over their head like they were in a roller coaster. The Plaintiff disregarded the instruction and kept her hands firmly on the sides of the airboat.

36. As the airboat picked up speed, the airboat driver/operator made a fast 360-degree turn and the airboat was hit by its own wake. The airboat went up in the air and came crashing down. The driver/operator repeated this maneuver several times. The drastic and aggressive movements of the airboat lifted the Plaintiff up in the air, and she landed hard on her seat three times.

37. After Plaintiff hit her seat the second time, she asked the guide in front of her to stop the airboat. The guide ignored her requests. The boat driver/operator excuted another sharp turn, causing Plaintiff to lift up into the air and land again on the seat for a third time.

Plaintiff's Verified Complaint Praying for Attachment Pursuant to Admiralty and Maritime Rule B

38. The impact of the airboat striking the water and Plaintiff crashing down on her seat at such a high rate of speed caused Plaintiff to suffer a compression fracture in her spine.

**FIRST CAUSE OF ACTION**
**QUASI IN REM ATTACHMENT AND**
**GARNISHMENT AGAINST CHUKKA CARIBBEAN ADVENTURES (TCI) LTD., CHUKKA CARIBBEAN ADVENTURES LTD., CHUKKA CARIBBEAN ADVENTURES S.A. doing business as CHUKKA CARIBBEAN ADVENTURES, as Defendants, to ATTACH AND GARNISH its *RES* IN THE POSSESSION OF GARNISHEE PRINCESS**

39. Plaintiff/Garnishor hereby incorporates by reference, as though fully set forth herein, paragraphs 1-38, and alleges as follows.

40. This claim falls within the Court's admiralty and maritime subject matter jurisdiction. This claim arises from injuries to Plaintiff during a cruise on navigable waters on or about March 22, 2017.

41. Plaintiff/Garnishor files this Rule B Complaint and requests that the Court attach and/or garnish the belongings of the Chukka Defendants in the possession of Garnishee, Princess.

42. Supplemental Admiralty Rule B expressly states that "[i]f a defendant is not found within the district when a verified complaint praying for attachment and the affidavit required by Rule B(1)(b) are filed, a verified complaint may contain a prayer for process to attach the defendant's tangible or intangible personal property--up to the amount sued for--in the hands of garnishees named in the process."

43. Defendant Chukka cannot be found within the geographical confines of the district for service of process.

44. The Chukka Defendants' belongings located within this judicial district are the past, present and future earnings from their agreement(s) with Garnishee, Princess. This includes, but is not limited to, all moneys owing under the aforementioned agreements from the Garnishee (directly or indirectly from any of the Garnishees' entities, affiliates and/or agents) to the Chukka Defendants, and/or

8

any person and/or entity acting as agent and/or collecting moneys for the Chukka Defendants.

45. Plaintiff/Garnishor is seeking damages against the Chukka Defendants for noneconomic damages, including past and future physical pain and mental suffering, loss of enjoyment of life, physical impairment, inconvenience, anxiety, humiliation and emotional distress. Additionally, Plaintiff/Garnishor is seeking economic damages, including past and future medical expenses as well as costs of suit. The damages sought in this action exceed $500,000.00 United States Dollars.

46. Wherefore, Plaintiff/Garnishor prays:

That process issue against the Chukka Defendants, citing them to appear and answer all the matters alleged in the Rule B Complaint; That since the Chukka Defendants cannot be found in this district within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, attaching all of the Chukka Defendants tangible or intangible personal property, up to the amount of $500,000.00 in the hands of Garnishee, Princess.

**SECOND CAUSE OF ACTION**
**FOR NEGLIGENCE**
**AGAINST THE CHUKKA DEFENDANTS**

47. Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1-38, and alleges as follows:

48. At all times material, the Chukka Defendants owed a duty to their excursion passengers, including Plaintiff, to provide a reasonably safe excursion.

49. Upon information and belief, at all times material, the Chukka Defendants knew or, in the exercise of reasonable care, should have known of the dangers and risks associated with the Airboat Excursion.

50. Upon information and belief, at all times material, the Chukka Defendants knew or, in the exercise of reasonable care, should have known that the

9

dangers and risks associated with the Airboat Excursion would increase the likelihood of passengers being injured on the Airboat Excursion.

51. Upon information and belief, at all times material, the Chukka Defendants, by and through their agents, servants, officers, and/or employees, were negligent, careless, and breached their duty of care by committing one or more of the following negligent acts and/or omissions, including but not limited to:

a. Failing to provide a safe shore excursion;

b. Failing to provide an excursion with properly trained personnel;

c. Failing to exercise reasonable care in the operation and performance of the Airboat Excursion;

d. Failing to keep a proper look out and monitor passengers to determine if they were in trouble or had been injured – particularly when engaging in high-speed maneuvers;

e. Managing and operating the Airboat Excursion in an unreasonably dangerous and careless manner, by employing unfit, incompetent, and inexperienced employees to operate the airboat;

f. Hiring staff, who through their lack of skill, knowledge, and experience, were incapable of identifying existing and predictable hazards in the Airboat Excursion;

g. Failing to promote, market, and sell reasonably safe shore excursions to its passengers;

h. Failing to conduct an adequate and proper investigation of the subject Airboat Excursion;

i. Failing to routinely monitor and/or supervise the subject Airboat Excursion;

j. Failing to provide safe, competent and experienced drivers and operators for the Airboat Excursion;

k. Failing to properly and adequately train the driver and crew of the boat

10

used for the Airboat Excursion

l. Failing to adequately monitor, supervise and audit the ongoing operations of its employees, servants, agents, and/or representatives to ensure it was using safe, proper and appropriate equipment, properly trained and competent personnel, and proper and safe procedures to provide a reasonably safe excursion for its passengers participating in the subject Airboat Excursion;

m. Failing to properly and adequately inspect, investigate, screen, select, and retain the services of its employees, servants, agents, and/or representatives, to ensure it was operating and running a reasonably safe excursion, in particular the subject Airboat Excursion;

n. Failing to provide safe, competent, and experienced drivers and operators for the subject Airboat Excursion;

o. Failing to properly and adequately train the crewmembers used for the subject Airboat Excursion;

p. Failing to adopt and implement proper and adequate policies, protocols, and procedures for the supervision of its employees, servants, agents, and/or representatives, to ensure it was operating and running a reasonably safe excursion, in particular the subject Airboat Excursion;

q. Failing to adopt and implement proper and adequate policies, protocols, and procedures for addressing the safety of the subject Airboat Excursion;

r. Failing to adopt and implement proper and adequate policies, protocols, and procedures for the selection of safe shore excursions, in particular the Airboat Excursion;

s. Failing to adopt and implement proper and adequate policies, protocols, and procedures requiring its employees, servants, agents, and/or representatives involved in the Airboat Excursion to abide by

11

reasonable safety standards;

    t. Failing to provide adequate and proper information regarding the subject Airboat Excursion so that Plaintiff could make an informed decision as to her participation in the subject Airboat Excursion;

    u. Failing to accurately inform cruise ship passengers of the dangers and undue risks associated with the subject Airboat Excursion;

    v. Failing to adequately and properly warn passengers, in particular Plaintiff, of the dangers and undue risks involved with the subject Airboat Excursion;

    w. Assuring passengers, including Plaintiff, that all aspects and conditions of the subject excursion were reasonably safe and appropriate for them, when in fact they were not;

    x. Failing to ensure all necessary steps were taken for Plaintiff to safely participate in all aspects of the subject Airboat Excursion;

    y. Failing to implement a method of operation which was reasonably and safe and which would prevent the creation of a dangerous condition, such as the one in this case, and utilizing or allowing negligent methods of operation by its employees, servants, agents, and/or representatives;

    z. Failing to promulgate and enforce appropriate safety rules for its employees, servants, agents, and/or representatives;

    aa. Instructing and/or allowing and/or condoning the airboat operator to engage in "wake jumping;";

    bb. Failing to warn passengers, including the Plaintiff, that the Airboat Excursion involved "wake jumping;"

52.    As a direct and proximate result of the Chukka Defendants' negligence, Plaintiff was severely and permanently injured on or about March 22, 2017.

53.    As a further and direct and proximate cause of the Chukka Defendants' negligence, Plaintiff sustained serious and permanent injuries to her back, pain and

suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of capacity for enjoyment of life, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

54.    As a direct and proximate cause of the aforementioned conduct of the Chukka Defendants, and each of them, Plaintiff was required to, and did, employ physicians and other medical professionals to examine, treat, care for, and rehabilitate her, and did incur medical and incidental expenses, and will require to do so in the future. The exact amount of said expenses is unknown at this time.

55.    Plaintiff claims all damages according to proof at trial.

### THIRD CAUSE OF ACTION
### FOR NEGLIGENT SELECTION AND RETENTION
### AGAINST THE CHUKKA DEFEDANTS

56.    Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1-38 and alleges as follows.

57.    At all times material, the Chukka Defendants developed, created, hired, selected, contracted, and retained a driver/operator and a tour guide to provide shore excursions to Princess passengers, including the Airboat Excursion, at the scheduled port-of-call of Belize City, Belize.

58.    Plaintiff entrusted her health, safety, and welfare to the Chukka Defendants for the Airboat Excursion.

59.    Plaintiff justifiably relied on the Chukka Defendants to provide a safe shore excursion, and to use reasonable care for her health, safety, and welfare.

60.    At all times material, the Chukka Defendants owed a duty to their passengers, in particular Plaintiff to use reasonable care in the development, creation, hiring, selection, and retention of the employees, servants, agents and/or representatives to provide shore excursions to their cruise ship passengers, in particular the Airboat Excursion.

61.    In order to comply with their responsibility to use reasonable care in the hiring, selection, and retention of the employees, servants, agents and/or representatives offering shore excursions to Princess cruise ship passengers, in particular the subject Airboat Excursion, the Chukka Defendants were required to make an appropriate investigation of the Airboat Excursion personnel, including the airboat crewmembers such as the operator/driver and guide of the airboat.

62.    Upon information and belief, at all times material, the Chukka Defendants failed to make an appropriate investigation of Airboat Excursion personnel, including the airboat crewmembers such as the operator/driver and guide of the airboat.

63.    An appropriate investigation would have revealed the unsuitability of Airboat Excursion personnel, including the airboat crewmembers such as the operator/driver and guide of the airboat, to provide a safe shore excursion, in particular the Airboat Excursion, upon information and belief:

a. The Chukka Defendants knew or should have known that the airboat crewmembers, including the driver/operator, were not properly trained;

b. The Chukka Defendants knew or should have known that the airboat crewmembers, including the driver/operator, were engaging in  "wake jumping;"

c. The Chukka Defendants knew, or in the exercise of reasonable care, should have known that the airboat crewmembers did not warn passengers, including the Plaintiff, that the Airboat Excursion involved "wake jumping;"

d. The Chukka Defendants knew or, or in the exercise of reasonable care, should have known that the airboat crewmembers were not properly acting as look outs in order to ascertain throughout the Airboat Excursion, the well-being of passengers, including whether any passengers were injured.

14

e. The Chukka Defendants knew or, in the exercise of reasonable care, should have known that its employees, servants, agents, representative, and/or tour operator partners involved in the Airboat Excursion were unfit to operate a shore excursion in a reasonably safe manner.

64.    Upon information and belief, at all times material, the Chukka Defendants knew or, in the exercise of reasonable care, should have known that its employees, servants, agents, representative, and/or tour operator partner hired and retained to operate the Airboat Excursion presented foreseeable risks to passengers.

65.    Upon information and belief, at all times material, the Chukka Defendants knew or, in the exercise of reasonable care, should have known that improper and negligent operation would increase the likelihood of passengers being seriously injured on the Airboat Excursion.

66.    As such, it was unreasonable to hire, select, and retain the Airboat Excursion personnel, including the airboat crewmembers such as the operator/driver and guide of the airboat, to provide shore excursions to its passengers, in particular the Airboat Excursion.

67.    In addition to the aforementioned acts and/or omissions, upon information and belief, the Chukka Defendants  by and through their employees, servants, agents and/or representatives, were negligent and breached their duty of care by selecting and retaining the Airboat Excursion personnel, including the airboat crewmembers such as the operator/driver and guide of the airboat, and committing the following acts and/or omissions, including, but not limited to:

a. Failing to reasonably interview and/or investigate any and all employees involved in the Airboat Excursion prior to hiring;

b. Failing to reasonably investigate the background of each and every operator of vessels utilized in the Airboat Excursion prior to hiring;

c. Failing to reasonably ensure that each and every operator of the vessels utilized in the Airboat Excursion was competent and qualified to drive

Plaintiff's Verified Complaint Praying for Attachment Pursuant to Admiralty and Maritime Rule B

said vessels prior to hiring;

d. Failing to adopt and implement proper and adequate policies, protocols, and procedures requiring employees and/or agents involved in the Airboat Excursion to abide by reasonable safety standards;

e. Hiring an operator of the vessel utilized in the subject Airboat Excursion when it knew or, in the exercise of reasonable care, should have known that said operator was incompetent, reckless by nature, and posed a risk of harm to passengers;

f. Failing to routinely monitor and/or supervise employees and operators associated with the Airboat Excursion;

g. Failing to routinely conduct a reasonable investigation of each and every operator of the vessels utilized in the Airboat Excursion after hiring;

h. Retaining an airboat driver/operator who engaged in "wake jumping."

68.   As a direct and proximate result of the Chukka Defendants' negligence, Plaintiff was severely and permanently injured on or about March 22, 2017.

69.   As a further and direct and proximate cause of the Chukka Defendants' negligence, Plaintiff sustained serious and permanent injuries to her back, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of capacity for enjoyment of life, and has incurred medical expenses in the past and will incur medical expenses in the future.  All of said damages are permanent and continuing in nature.

70.   As a direct and proximate cause of the aforementioned conduct of Defendants, and each of them, Plaintiff was required to, and did, employ physicians and other medical professionals to examine, treat, care for, and rehabilitate her, and did incur medical and incidental expenses, and will require to do so in the future. The exact amount of said expenses is unknown at this time.

Plaintiff's Verified Complaint Praying for Attachment Pursuant to Admiralty and Maritime Rule B

71.     Plaintiff claims all damages according to proof at trial.  Said damages are well in excess of the jurisdictional limits of the Court.

### FOURTH CAUSE OF ACTION
### FOR VICARIOUS LIABILITY
### AGAINST THE CHUKKA DEFENDANTS

72.     Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1-38, and alleges as follows.

73.     On or about March 22, 2017, the Chukka Defendants were the owner and operator of the vessel utilized in the Airboat Excursion.

74.      The Chukka Defendants are vicariously liable for acts of negligence committed by their employees, and crewmembers of the airboat.

75.     On or about March 22, 2017, the Chukka Defendants employed, hired, directed, supervised and retained the operator and tour guide of the airboat utilized in the Airboat Excursion.

76.     On or about March 22, 2017, the airboat operator and guide were acting in the course and scope of their employment with the Chukka Defendants.

77.     Chukka is vicariously liable for the acts of negligence committed by its employees, while in the course and scope of their employment for the Chukka Defendants.

78.     On or about March 22, 2017, the airboat operator and tour guide, while in the course and scope of their employment for the Chukka Defendants breached their duty to exercise reasonable care in the maintenance, operation, control, and use of the vessel utilized in the Airboat Excursion.

79.     The Chukka Defendants are vicariously liable for any and all acts of negligence attributable to its employees while operating the subject vessels in the course and scope of their employment with the Chukka Defendants. Upon information and belief, the Chukka Defendants' employees negligence included but was not limited to, the following:

   a.  Failing to operate the subject airboat in a safe and reasonable manner;

17

b. Failing to keep an adequate and proper lookout;

c. Failing to operate the subject airboat in a careful and prudent manner, having regard for all attendant circumstances so as not to endanger the life, limb and property of any person;

d. Failing to take reasonable precautions to avoid having passengers bounce off and land hard into the seats of the airboat;

e. Failing to operate the airboat at a reasonable speed under the circumstances;

f. Engaging in "wake jumping;"

g. Ignoring the Plaintiff's request to stop the airboat and to discontinue "wake jumping" maneuvers.

80. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff was severely and permanently injured on or about March 22, 2017.

81. As a further and direct and proximate result of the aforementioned conduct of the Chukka Defendants, Plaintiff sustained serious and permanent injuries to her back, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of capacity for enjoyment of life, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

82. As a direct and proximate cause of the aforementioned conduct of the Chukka Defendants, and each of them, Plaintiff was required to, and did, employ physicians and other medical professionals to examine, treat, care for, and rehabilitate her, and did incur medical and incidental expenses, and will require to do so in the future. The exact amount of said expenses is unknown at this time as Plaintiff is still actively treating.

83. Plaintiff claims all damages according to proof at trial.

18

Plaintiff's Verified Complaint Praying for Attachment Pursuant to Admiralty and Maritime Rule B

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. That process of due form of law issue against the Chukka Defendants, citing them to appear and answer under oath all the maters alleged in the Complaint;

2. That since the Chukka Defendants cannot be found in this district within the meaning of Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Maritime Attachment and Garnishment, attaching all of the Chukka Defendants tangible or intangible personal property, up to the amount of $500,000.00 in the hands of Garnishee, Princess.

    a. The Chukka Defendants' belongings located within this judicial district are the past, present and future earnings from their agreement(s) with Garnishee, Princess. This includes, but is not limited to, all moneys owing under the aforementioned agreements from the Garnishee (directly or indirectly from any of the Garnishees' entities, affiliates and/or agents) to the Chukka Defendants, and/or any person and/or entity acting as agent and/or collecting moneys for Chukka.

3. The Clerk of this Court is hereby requested to issue the Maritime Summons and Process of Maritime Attachment and Garnishment and deliver it to the Marshall's office.

4. The Marshall is hereby directed to promptly serve said Maritime Summons and Process of Maritime Attachment and Garnishment upon Garnishee, Princess.

WHEREFORE, Plaintiff additionally prays for judgment against the Chukka Defendants as follows:

1.     For general and special damages according to proof;

2.     For personal injury damages and property damages awarded to the Plaintiff according to proof;

3.     For economic damages;

Plaintiff's Verified Complaint Praying for Attachment Pursuant to Admiralty and Maritime Rule B

4. For such other and further relief as the Court may deem proper.

Dated: March 22, 2018                    NELSON & FRAENKEL, LLP

                                         By:   s/*Carlos F. Llinás Negret*
                                               Gretchen M. Nelson
                                               Carlos F. Llinás Negret
                                               *Attorneys for Plaintiff*

20

Gretchen M. Nelson (State Bar No.112566)
Carlos F. Llinás Negret (State Bar No. 284746)
**NELSON & FRAENKEL LLP**
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Tel.: 213-943-6089
Fax: 213-622-6019
Email: gnelson@nflawfirm.com
Email: cllinas@nflawfirm.com

*Attorneys for Plaintiff* Joycarol L. Fornwald

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION
## IN ADMIRALTY

| | |
|---|---|
| JOYCAROL L. FORNWALD,<br><br>          Plaintiff/Garnishor<br><br>     vs.<br><br>PRINCESS CRUISE LINES, LTD. doing business as PRINCESS CRUISES,<br><br>          Garnishee<br><br><br>CHUKKA CARIBBEAN ADVENTURES (TCI) LTD., CHUKKA CARIBBEAN ADVENTURES, LTD., CHUKKA CARIBBEAN ADVENTURES, S.A., doing business as CHUKKA CARIBBEAN ADVENTURES,<br><br>          Defendants. | CASE NO.:<br><br>**VERIFICATION PURSUANT TO RULE B(1)(b)**<br><br>[Filed concurrently with: Plaintiff's Verified Complaint Praying For Attachment Pursuant To Rule B of the Supplemental Rules for Admiralty and Maritime Claims; Proposed Order Directing the Issuance of Summons and Process of Maritime Attachment and Garnishment] |

21

Plaintiff's Verified Complaint Praying for Attachment Pursuant to Admiralty and Maritime Rule B

**Verification Pursuant to Rule B(1)(b)**

I, Carlos F. Llinás Negret, do hereby declare as follows:

1. I am an attorney at law licensed to practice before the Courts of the State of California and through my firm, Nelson & Fraenkel, LLP, I am one of the attorneys for the Plantiff/Garnishor in this action.

2. Pursuant Rule E.3, of the Central District of California Local Rules for Admiralty and Maritime Claims (hereinafter "Local Rule E.3"), as attorney of record for Plaintiff/Garnishor, I am authorized to verify this Complaint. Pursuant to Local Rule E.3, the verification is not made by the Plaintiff/Garnishor because she is not present in the district.

3. This affidavit is executed by the undersigned, pursuant to Rule B(1)(b) in order to attach and/or garnish the belongings of Defendants Chukka Caribbean Adventures (TCI) Ltd., Chukka Caribbean Adventures, Ltd., Chukka Caribbean Adventures, S.A., doing business as Chukka Caribbean Adventures ("Chukka Defendants"), in the above-styled cause in admiralty that are being held by Defendant Garnishee Princess Cruise Lines Ltd. ("Princess").

4. I have read the foregoing Plaintiff's Verified Complaint Praying For Attachment Pursuant To Rule B of the Supplemental Rules for Admiralty and Maritime Claims, (hereinafter "Rule B Complaint") and know its contents.

5. The matters stated in the Rule B Complaint are true of my own knowledge, except as to those matters that are therein stated on information and belief, and concerning those matters, I believe them to be true.

6. The undersigned certifies to the Court, the Clerk and the Marshal that the undersigned has made a diligent search and inquiry to ascertain the name and address of a person or party whom can be served process in the Central District of California *in personam* which will bind the Chukka Defendants.

7. On March 20, 2018, I visited the California Secretary of State website, https://businesssearch.sos.ca.gov, to ascertain whether the Chukka Defendants had

22

appointed an agent for service of process in this district. In the business search results page of the website, no matching entities were found.

8.     The undersigned also reviewed the Declaration of Alexander Melville, Director of Chukka Caribbean Adventures (TCI) Ltd., dated April 4, 2017, and filed in *Hale v. Carnival Corporation,* et *al*, Case No. 1:17-cv-20445-FAM (S.D. Fla. 20170 [D.E. 71-1], in support of Chukka Caribbean Adventures (TCI) Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction in that matter. In the declaration, Mr. Melville declared under penalty of perjury: "Chukka has never maintained a registered agent for purposes of the receipt of legal papers within the State of Florida or any other state in the United States." Mr. Melville additionally declared:

-     Chukka has always been incorporated and authorized to do business in the Turks and Caicos and has never been incorporated and authorized to do business in the United States.

-     Chukka has always maintained its principal place of business in the Turks and Caicos and has never maintained its principal place business within the State of Florida or any other state in the United States.

-     Chukka has never maintained an office or agency within the State of Florida or any other state in the United States.

-     Chukka has never maintained any of its officers, directors, employees, and/or agents within the State of Florida or any other state in the United States.

9.      The undersigned also reviewed the Declaration of Alexander Melville, Director of Chukka Caribbean Adventures (TCI) Ltd., dated October 16, 2017 and filed in *Haber v. Carnival Corporation*, et *al*, Case No. 1:17-cv-21495-KMM (S.D. Fla. 2017) [D.E. 29-1], in support of Chukka Caribbean Adventures (TCI) Ltd's Motion to Dismiss for Lack of Personal Jurisdiction in that matter. In the

declaration, Mr. Melville declared under penalty of perjury: "Chukka has never maintained a registered agent for purposes of the receipt of legal papers within the State of Florida or any other state in the United States." Mr. Melville also made the same statements referred to in paragraph 8 of this declaration.

10. Based upon such diligent search and inquiry the undersigned has been unable to ascertain the name and address of any person or party within the Central District of California upon whom service of process would bind the Chukka Defendants. To affiant's knowledge, or on information and belief, the Chukka Defendants cannot be found within this district.

11. Accordingly, the Plaintiff requests process to attach the Chukka Defendants' tangible or intangible personal property – up to $500,000.00 – in the hands of the Garnishee, Princess. The Garnishee, Princes is a for-profit corporation with its principal address, and principal place of business located in the County of Los Angeles, California.

12. The Clerk of this Court is hereby requested to issue the Maritime Summons to Show Cause Respecting Intangible Property and Summons and Process of Maritime Attachments and Garnishment and deliver it to the Marshall's office. Additionally, the Marshall is hereby directed to promptly serve said Maritime Summons to Show Cause Respecting an Intangible Property and Summons and Process of Maritime Attachment and Garnishment upon Garnishee, Princess Cruise Lines, Ltd.

**Unsworn Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. §1746**

I verify under penalty of perjury that the foregoing is true and correct, under the laws of the United States.

Executed in Los Angeles,
California on March 22, 2018     By: _____

Carlos F. Llinás Negret
NELSON & FRAENKEL, LLP
Attorneys for Joycarol Fornwald

24

Plaintiff's Verified Complaint Praying for Attachment Pursuant to Admiralty and Maritime Rule B